IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                       No. CV 14-0652 WJ/LAM
                                           CR 11-1955 WJ

JAMES C. RITTERHOFF,

    Defendant/Movant.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant's (hereinafter "Defendant") § 2255 motion [*Doc. 1*],[2] filed on July 17, 2014, and memorandum in support [*Doc. 6*], filed on August 21, 2014. Plaintiff/Respondent (hereinafter "the Government") filed a response on February 13, 2015 [*Doc. 12*], and Defendant filed a reply on April 24, 2015 [*Doc. 16*]. United States District Judge William P. Johnson referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 8*]. Having considered the § 2255 motion, memorandum in support, response, reply, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case No. CR-11-1955, the undersigned recommends, for the reasons set forth below, that the claims

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Unless otherwise noted, all referenced documents are from Case No. CIV-14-0652.

raised in Defendant's § 2255 motion [*Doc. 1*] be **DENIED**, and Case No. CIV-14-0652 be **DISMISSED with prejudice**.

In his § 2255 motion, Defendant raises six claims: that the facts of the case do not support the charges against Defendant (*Doc. 1* at 4 and 10, Grounds One, Five and Six); and that his trial counsel was ineffective (*id.* at 5-7, Grounds Two, Three and Four). *See also* [*Doc. 6* at 1-2] (clarifying that Grounds Five and Six in his § 2255 motion are ineffective assistance of counsel claims). The Court finds that an evidentiary hearing is unnecessary because Defendant's motion and the record of this case conclusively show that Defendant is entitled to no relief. The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Therefore, no evidentiary hearing will be held.

## Factual and Procedural Background

On July 20, 2011, Defendant was charged by Indictment with: Enticement, in violation of 18 U.S.C. § 2422(b) (Count 1); Soliciting a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252A(a)(3)(B)(ii), and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Counts 2 and 3); Sending Images of Minors Engaging in Sexually Explicit Conduct to a Minor to Induce the Minor to Commit an Illegal Act, in violation of 18 U.S.C. §§ 2252A(a)(6) and 2256, and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Count 4); Receiving a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1), and 2256, and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Counts 5 and 6); and Knowingly Possessing a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2256, and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Count 7). [*Doc. 21*, filed in Case

No. CR-11-1955]. On August 13, 2012, Defendant entered into a Plea Agreement, pursuant to which he pled guilty to Counts 5 and 6, receipt of child pornography, with the remaining counts to be dismissed by the Government at sentencing, and the parties agreed to a sentence of 90 months followed by 10 years of supervised release pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). [*Doc. 43*, filed in Case No. CR-11-1955, at 2]. In the plea agreement, Defendant agreed to waive any appeal or collateral attack of his conviction and the sentence imposed, except on the issue of ineffective assistance of counsel "in negotiating or entering into th[e] plea or th[e] waiver." *Id.* at 6. On July 15, 2013, the Court sentenced Defendant to 90 months of imprisonment as to each of Counts 5 and 6, with the terms running concurrently. [*Doc. 57*, filed in Case No. CR-11-1955, at 1, 3]. In addition, the Court sentenced Defendant to a term of supervised release for ten (10) years as to each of Counts 5 and 6, and those terms are to run concurrently, as well. *Id.* at 4. On July 17, 2014, Defendant filed his § 2255 motion. [*Doc. 1*].

## **Discussion**

As stated above, Defendant raises six claims in his § 2255 motion: that the facts of the case do not support the charges against Defendant (*Doc. 1* at 4 and 10, Grounds One, Five and Six); and that his trial counsel was ineffective (*id.* at 5-7, Grounds Two, Three and Four). *See also* [*Doc. 6* at 1-2] (stating that Grounds Five and Six in his § 2255 motion are ineffective assistance of counsel claims). To the extent Defendant contends that the charges against him were improperly obtained, or that the indictment is defective, based on Defendant's claims that the facts of the case do not support the charges against him, the Court finds that those claims have been waived because Defendant's plea agreement precludes his right to collaterally attack his sentence on any issue other than his counsel's alleged ineffective assistance in negotiating or entering into the plea

agreement or waiver. *See* [*Doc. 43*, filed in Case No. CR-11-1955, at 6] (Defendant's waiver of his right to collaterally attack his sentence on any issue other than counsel's ineffective assistance in negotiating or entering into the plea agreement or waiver). The Tenth Circuit has explained that waivers of collateral attack rights are "generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *See United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). While Defendant states that the inclusion of "frivolous" charges in the indictment intimidated him into entering into the plea agreement (*Doc. 1* at 10), that he did not knowingly or voluntarily enter into the plea agreement "because the indictment was inflated with frivolous charges" (*Doc. 6* at 25), and that his counsel "scared him into taking the plea because of the mandatory minimum 10-years for Count One plus potential guideline enhancements attached to Count Four" (*Doc. 16* at 2), Defendant fails to provide support for these statements. First, the Court notes that the plea agreement states that "[D]efendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement." [*Doc. 43*, filed in Case No. CR-11-1955, at 7]. In addition, at his plea hearing, the Court asked Defendant if his counsel investigated the charges against him, interviewed Defendant, reviewed the Government's evidence produced during the course of discovery, and tried to find witness testimony and other evidence that would be helpful in defending the case if it went to trial, and Defendant stated "Yes, your Honor." [*Doc. 65*, filed in Case No. CR-11-1955, at 11] (Transcript of Plea Hearing). The Court also asked Defendant if anyone had threatened, forced, or in any way coerced him into pleading guilty, and he stated, "No, your Honor." *Id.* at 12. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to

summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (citations omitted).  The "truth and accuracy" of a defendant's statements during the plea hearing "should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements." *Hedman v. United States*, 527 F.2d 20, 22 (10th Cir. 1975).  The Court, therefore, finds that Defendant knowingly and voluntarily waived his right to collaterally attack his convictions except on the basis of ineffective assistance of counsel in negotiating or entering into the plea agreement or waiver.  In addition, the Court finds that the other exceptions to the waiver rule are not at issue here.  *See Cockerham*, 237 F.3d at 1182 (explaining that other exceptions include circumstances where the court relies on an impermissible factor such as race, where the agreement is otherwise unlawful, or where a sentence exceeds the statutory maximum).

To the extent Defendant is attempting to challenge the validity of the plea agreement based on his claims of ineffective assistance of counsel, Defendant fails to show that, but for his counsel's alleged ineffectiveness, there is a reasonable probability that Defendant would not have pleaded guilty and would have proceeded to trial.  *See United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) ("[W]hen a defendant who has pleaded guilty brings an ineffective-assistance claim, he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") (citation and internal quotation marks omitted).  While Defendant alleges that he would have pleaded guilty absent his attorney's alleged ineffectiveness, which was based on failure to pursue challenges to the charges against him (*see Doc. 16* at 1-2), the record of the case shows that counsel for Defendant <u>did</u> challenge the charges brought against Defendant, which resulted in dismissal of Counts One, Two, Three, Four and Seven.  At Defendant's sentencing hearing,

Defendant's counsel explained his assessment of the strengths and weaknesses of the charges against Defendant, and stated the various defenses he and Defendant's previous counsel had developed with regard to the charges brought against Defendant. *See* [*Doc. 66*, filed in Case No. CR-11-1955, at 21-22] (Transcript of sentencing). Defendant's counsel stated that Defendant "was absolutely guilty of" the two counts to which Defendant pleaded guilty (*id.* at 21), and explained that the plea agreement set forth the parties' agreement to a sentence halfway between the five years Defendant should receive for the counts he pleaded guilty to, and the mandatory minimum of ten years he might have received as to Count One, "with not anything really put in for the Count 4" (*id.* at 22). Defendant's counsel explained that, while Defendant had "a good legal argument" as to the charge of enticement in Count One, if he lost that argument and his case went to a jury, Defendant's counsel "was not hopeful that a jury would do what it was supposed to given the graphic nature of the [on-line] chats." *Id.* at 23. Also at the sentencing hearing, the Court explained to Defendant the risk he took with regard to Counts One and Four if he proceeded to trial, and explained that if the Court accepted the plea agreement, the Court would have to impose the 90-month sentence and 10 years of supervised release. *Id.* at 31-34. The Court allowed Defendant time to further discuss the plea agreement with his counsel in light of the Court's comments, and Defendant came back and agreed to ask the Court to accept the plea agreement. *Id.* at 34-35. The Court, therefore, finds that Defendant's contentions with regard to his counsel's ineffective assistance in entering into or negotiating the plea agreement are insufficient to support a § 2255 claim because they are without a supporting factual basis. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (*pro se* defendant's conclusory allegations, without supporting factual averments, were insufficient to support an ineffective assistance of counsel claim under Section 2255). For these reasons, the Court finds that Defendant's ineffective

assistance of counsel claims, if not barred by the waiver in his plea agreement, are without merit and should be denied.

## Conclusion

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that the claims raised in Defendant's § 2255 motion [*Doc. 1*] be **DENIED**; and Case No. CIV-14-0652 be **DISMISSED with prejudice**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**