IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.                                  No. CV 14-0652 WJ/LAM
                                       CR 11-1955 WJ

JAMES C. RITTERHOFF,

      Defendant/Movant.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' *Proposed Findings and Recommended Disposition (Doc. 20)* (hereinafter "PF&RD"), entered on July 20, 2015. On September 4, 2015, Defendant/Movant (hereinafter "Defendant") filed objections to the PF&RD [*Doc. 23*], which were timely pursuant to the Court's order granting Defendant's motion for an extension of time to file objections [*Doc. 22*]. The United States did not file any objections to the PF&RD, nor did it respond to Defendant's objections, and the deadlines for doing so have passed. The Court has conducted a *de novo* review of those portions of the PF&RD to which Defendant objects and finds that his objections are without merit. Accordingly, the Court will: (1) overrule Defendant's objections as meritless; (2) adopt the *Proposed Findings and Recommended Disposition (Doc. 20)*; (3) deny Defendant's § 2255 motion [*Doc. 1*]; and (4) dismiss this case with prejudice.

As explained in the PF&RD, Defendant was charged by Indictment with: Enticement, in violation of 18 U.S.C. § 2422(b) (Count 1); Soliciting a Visual Depiction of a Minor Engaging in

Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252A(a)(3)(B)(ii), and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Counts 2 and 3); Sending Images of Minors Engaging in Sexually Explicit Conduct to a Minor to Induce the Minor to Commit an Illegal Act, in violation of 18 U.S.C. §§ 2252A(a)(6) and 2256, and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Count 4); Receiving a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1), and 2256, and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Counts 5 and 6); and Knowingly Possessing a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2256, and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Count 7). [*Doc. 20* at 2]. Defendant pled guilty to Counts 5 and 6, receipt of child pornography, with the remaining counts to be dismissed by the Government at sentencing, and the parties agreed to a sentence of 90 months followed by 10 years of supervised release pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). *Id.* at 3.

In his § 2255 motion, Defendant raised six claims: that the facts of the case do not support the charges against Defendant (*Doc. 1* at 4 and 10, Grounds One, Five and Six); and that his trial counsel was ineffective (*id.* at 5-7, Grounds Two, Three and Four) (*see also Doc. 6* at 1-2, clarifying that Grounds Five and Six in Defendant's § 2255 motion are ineffective assistance of counsel claims). [*Doc. 20* at 3]. The Magistrate Judge found that, to the extent Defendant contends that the charges against him were improperly obtained, or that the indictment is defective, based on Defendant's claims that the facts of the case do not support the charges against him, those claims have been waived because Defendant's plea agreement precludes his right to collaterally attack his sentence on any issue other than his counsel's alleged ineffective assistance in negotiating or entering into the plea agreement or waiver. *Id.* at 3-4 (citing *Doc. 43*, filed in

Case No. CR-11-1955, at 6, Defendant's waiver of his right to collaterally attack his sentence on any issue other than counsel's ineffective assistance in negotiating or entering into the plea agreement or waiver). The Magistrate Judge further found that Defendant knowingly and voluntarily waived his right to collaterally attack his convictions except on the basis of ineffective assistance of counsel in negotiating or entering into the plea agreement or waiver. [*Doc. 20* at 5]. In addition, the Magistrate Judge found that, to the extent Defendant is attempting to challenge the validity of the plea agreement based on his claims of ineffective assistance of counsel, Defendant failed to show that, but for his counsel's alleged ineffectiveness, there is a reasonable probability that Defendant would not have pleaded guilty and would have proceeded to trial. [*Doc. 20* at 5] (citing *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) ("[W]hen a defendant who has pleaded guilty brings an ineffective-assistance claim, he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") (citation and internal quotation marks omitted)). The Magistrate Judge found that Defendant's contentions with regard to his counsel's ineffective assistance in entering into or negotiating the plea agreement are insufficient to support a § 2255 claim because they are without a supporting factual basis. [*Doc. 20* at 6]. Therefore, the Magistrate Judge recommended that Defendant's § 2255 motion [*Doc. 1*] be denied, and this case be dismissed with prejudice. *Id.* at 7.

Defendant raises eight objections: (1) that he did not knowingly and voluntarily waive his right to collaterally attack his convictions because he was not asked during his plea hearing whether he knowingly and voluntarily waived this right (*Doc. 23* at 2-4); (2) that Defendant was pressured into entering into the plea agreement because his indictment included frivolous charges (*id.* at 4-8); (3) that the files and records in his case support Defendant's contention that he did not

knowingly or voluntarily waive his right to collaterally attack his sentence or conviction (*id.* at 8); (4) that the waiver in the plea agreement was unlawful because "there is no reason to place these waivers into a plea agreement, unless there are issues within the case that the government or Defendant's lawyer did not want to bring into the light of justice" (*id.* at 9); (5) that if Defendant's second counsel had not been ineffective, Defendant would have insisted on taking his case to trial (*id.* at 10); (6) that Defendant's counsel did not challenge the charges brought against Defendant until a year after Defendant pleaded guilty (*id.* at 10-11); (7) that Defendant's second counsel added nothing new to the defenses set forth by his first counsel at Defendant's detention hearing (*id.* at 11-12); and (8) that Defendant's counsel had presented additional defenses, Defendant would not have entered into the plea agreement (*id.* at 12).

First, the Court finds that Defendant's objections claiming that he did not knowingly or voluntarily enter into the plea agreement (Objections 1, 2, and 3) should be overruled. As the Magistrate Judge explained, the record of this case shows that Defendant knowingly and voluntarily entered into the plea agreement because the plea agreement states that "[D]efendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement" (*Doc. 43*, filed in Case No. CR-11-1955, at 7), and because, at his plea hearing, the Court asked Defendant if anyone had threatened, forced, or in any way coerced him into pleading guilty, and Defendant stated, "No, your Honor" (*Doc. 65*, filed in Case No. CR-11-1955, at 12). *See* [*Doc. 20* at 4] (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.") (citations omitted) and *Hedman v. United States*, 527 F.2d 20, 22

(10th Cir. 1975) (explaining that the "truth and accuracy" of a defendant's statements during the plea hearing "should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements")). The Court also finds that Defendant's contention in Objection 4 that the waiver was unlawful because it should not have been placed into the plea agreement should be overruled because it is conclusory and unsupported, and because this contention was raised for the first time in his objections. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.") (citation omitted).

Next, the Court finds that Defendant's objections claiming that his counsel was ineffective in negotiating or entering into the plea agreement (Objections 5, 6, 7, and 8) should also be overruled. While Defendant contends that he would have insisted on taking his case to trial if his trial counsel had not been ineffective and had presented additional defenses (Objections 5 and 8), and that his counsel did not challenge the charges brought against him until a year after he pleaded guilty and failed to add anything new to the defenses set forth by his first counsel (Objections 6 and 7), the Court agrees with the Magistrate Judge that Defendant has failed to show that, but for his counsel's alleged ineffectiveness, there is a reasonable probability that Defendant would not have pleaded guilty and would have proceeded to trial. *See* [*Doc. 20* at 5] (citing *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) ("[W]hen a defendant who has pleaded guilty brings an ineffective-assistance claim, he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.")) (citation and internal quotation marks omitted)). As the Magistrate Judge explained, the record of the case shows that counsel for Defendant did challenge the charges brought against Defendant, which resulted in dismissal of Counts One, Two, Three, Four and Seven, and, at Defendant's sentencing hearing, Defendant's counsel explained his assessment of the strengths and weaknesses

of the charges against Defendant, and presented the various defenses he and Defendant's previous counsel had developed with regard to the charges brought against Defendant.  *See* [*Doc. 20* at 5-6 (citing *Doc. 66*, filed in Case No. CR-11-1955, at 21-22).  Moreover, at the sentencing hearing, Defendant's counsel stated that Defendant "was absolutely guilty of" the two counts to which Defendant pleaded guilty (*id.* at 21), and explained that the plea agreement set forth the parties' agreement to a sentence halfway between the five years Defendant should receive for the counts he pleaded guilty to, and the mandatory minimum of ten years he might have received as to Count One, "with not anything really put in for the Count 4" (*id.* at 22).  Defendant's counsel explained that, while Defendant had "a good legal argument" as to the charge of enticement in Count One, if he lost that argument and his case went to a jury, Defendant's counsel "was not hopeful that a jury would do what it was supposed to given the graphic nature of the [on-line] chats."  *Id.* at 23.  The Court then explained to Defendant the risk he took with regard to Counts One and Four if he proceeded to trial, and explained that if the Court accepted the plea agreement, the Court would have to impose the 90-month sentence and 10 years of supervised release.  *Id.* at 31-34.  The Court allowed Defendant time to further discuss the plea agreement with his counsel in light of the Court's comments, and Defendant came back and agreed to ask the Court to accept the plea agreement.  *Id.* at 34-35.  The Court, therefore, agrees with the Magistrate Judge that Defendant's contentions with regard to his counsel's ineffective assistance in entering into or negotiating the plea agreement are insufficient to support a § 2255 claim because they are without a supporting factual basis.  *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (*pro se* defendant's conclusory allegations, without supporting factual averments, were insufficient to support an ineffective assistance of counsel

claim under Section 2255). For these reasons, the Court finds that Defendant's remaining objections are without merit and should be overruled.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Defendant's objections to the PF&RD [*Doc. 23*] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the *Proposed Findings and Recommended Disposition (Doc. 20)* are **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that Defendant's § 2255 motion [*Doc. 1*] is **DENIED** and this case be **DISMISSED WITH PREJUDICE**, and that a final judgment be entered concurrently with this order.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**